___

**SO ORDERED,**



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.
___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| KEVIN T. BOUTIN, | ) | Case No.: | 13-14699-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 11 |
| | ) | | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART, AND DENYING IN PART, MOTION TO REOPEN CHAPTER 11 CASE AND WAIVE FILING FEE (DKT. # 591)

This contested matter is before the Court on the *Motion to Reopen Case and Waive Filing Fee*[1] filed by the debtor Kevin T. Boutin and the *United States Trustee's Response to Motion to Reopen*[2] filed by the United States Trustee. A hearing was held on August 17, 2022. The parties agree the case

---

[1] (Dkt. # 591).
[2] (Dkt. # 593).

1

is due to be reopened, but disagree whether the debtor must file monthly operating reports and pay the quarterly fees mandated by 28 U.S.C. § 1930 following the reopening of the case. The Court has heard the arguments of counsel and reviewed the relevant law and concludes that upon the reopening of the chapter 11 case, the debtor is required to file monthly operating reports and pay quarterly fees until the case is closed, converted, or dismissed, whichever comes first. Accordingly, the motion is due to be granted in part and denied in part.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## II. FACTS AND RELEVANT PROCEDURAL HISTORY[3]

On October 3, 2016, the debtor's chapter 11 plan was confirmed.[4] To reduce his fees and expenses related to the performance of the confirmed plan, the Court granted the debtor's *Motion to Close the Chapter 11 Case*[5] and

---

[3] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[4] (Dkt. # 566).
[5] (Dkt. # 569).

administratively closed the case as of November 29, 2016.[6] With the case administratively closed, the debtor was relieved of the obligation to tender quarterly fees or file monthly operating reports. This provided the debtor with significant savings and greatly aided with his completion of the plan.

Having now made all payments and otherwise fully performed under the plan, the debtor has now filed this motion to reopen so that he may receive his discharge. Filed strategically, the debtor's motions should be resolved and the discharge order entered within a single quarter. The case will then be closed, and the debtor will have no further obligations to the bankruptcy court.

### III. CONCLUSIONS OF LAW

28 U.S.C. § 1930(a)(6)(A) provides that ". . . a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 . . . until the case is converted or dismissed, whichever occurs first."[7] The Bankruptcy Administration Improvement Act of 2020[8] made clear that the payment of quarterly fees is required "in each open and reopened case under chapter 11 . . . until the case is closed, converted, or dismissed, whichever occurs first."[9] Congress included this language in the

---

[6] (Dkt. # 585).
[7] 28 U.S.C. § 1930(a)(6)(A).
[8] Bankr. Admin. Improvement Act effective Jan. 12, 2021, Pub. L. No. 116-325, 134 Stat 5086.
[9] 28 U.S.C. § 1930(a)(6)(B)(i).

Improvement Act to "confirm the longstanding intention of Congress that quarterly fee requirements remain consistent across all Federal judicial districts."[10] Further, Bankruptcy Rule 2015(a)(5) provides that if quarterly fees are required, then a duty exists to "file and transmit to the United States trustee a statement of any disbursements during that quarter and of any fees payable under 28 U.S.C. § 1930(a)(6) for that quarter . . . ."[11]

The debtor argues that paying quarterly fees and filing monthly operating reports should not be required because all plan payments have been made and there is no bankruptcy estate left to administer.[12] It is a good theory, but similar arguments have failed in other courts. In the District of Massachusetts, following the debtor's third request for administrative closure, the bankruptcy court ordered an accounting of the debtor's payment history and found 18 quarters when the case was open without the filing of operating reports or payment of quarterly fees.[13] The court granted a subsequent motion to dismiss. The debtor appealed, arguing that quarterly fees and operating reports were not required in reopened chapter 11 cases. The district court disagreed and concluded that "[t]he bankruptcy court rightly held that the

---

[10] Bankr. Admin. Improvement Act effective Jan. 12, 2021, Pub. L. No. 116-325, 134 Stat 5086.
[11] Fed. R. Bankr. P. 2015(a)(5).
[12] (Dkt. # 591).
[13] *In re Brown*, No. 21-11284-GAO, 2022 WL 1200783 *1 (D. Mass. Apr. 22, 2022).

debtor's obligation to pay fees extended to all quarters in which his case was open . . . ."[14] More specifically the court held that "[u]pon the reopening of the case, the debtor is again responsible for the payment of quarterly fees because, pursuant to § 1930(a)(6), quarterly fees are required 'in each case under chapter 11,' and a reopened case is, in fact, a case under Chapter 11."[15]

In *In re Chandni*, a case was reopened solely to sell property and tender the proceeds to the secured lender just prior to again closing the case.[16] As here, the debtor argued that "because the plan was fully consummated, the bankruptcy estate was fully administered," which rendered the debtor exempt from tendering the quarterly fees.[17] That court also disagreed, concluding that "once re-opened, a case is 'live' in all respects. The parties are free to seek relief from the court and . . . the U.S. Trustee is required to exercise its statutory duties with respect to the case."[18] As such, "as long as the case is open, the debtor is obligated to pay quarterly fees."[19]

This Court agrees with the reasoning and statutory interpretation in *Brown* and *Chandni*. The statutes are clear that monthly operating reports must be filed, and U.S. Trustee fees paid, in any open case. Further, the debtor

---

[14] *In re Brown*, No. 21-11284-GAO, 2022 WL 1200783 *3 (D. Mass. Apr. 22, 2022).
[15] *Id.*
[16] *In re Chandni*, 570 B.R. 530, 531 (W.D. La. 2017).
[17] *Id.* at 532.
[18] *Id.*
[19] *Id.*

5

has already realized significant savings by the administrative closure of his case during the majority of his plan term. Requiring compliance with these bankruptcy duties while the debtor seeks the ultimate bankruptcy prize–entry of his discharge–is not too much of a burden to bear.

## IV. CONCLUSION

The necessity of filing monthly operating reports and paying quarterly fees is dependent on the status of a chapter 11 case. Both are required in all open cases. Because the debtor's chapter 11 case will be open upon the entry of this order, monthly operating reports must be filed, and quarterly fees must be paid, in accordance with 28 U.S.C. § 1930 and Bankruptcy Rule 2015. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the Motion (Dkt. # 591) is **GRANTED** as to the reopening of the chapter 11 case and waiver of the filing fee.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** to the extent it seeks a waiver of the debtor's obligation to file monthly operating reports and pay quarterly fees. Monthly operating reports shall be **FILED** and the applicable quarterly fees shall be **PAID** until the case is closed, converted, or dismissed, whichever comes first.